**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CASSANDRA C. OLAGUE, | No. 13-16882 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00331-LKK-EFB |
| v. |  |
| COUNTY OF SACRAMENTO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. |  |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted April 22, 2015[**]

Before:   GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Cassandra C. Olague appeals pro se from the district court's judgment

dismissing her action alleging federal and state law violations in connection with

child custody and visitation.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo a dismissal for failure to state a claim. *Knox v. Davis*, 260 F.3d 1009, 1012 (9th Cir. 2001). We affirm.

The district court properly dismissed Olague's substantive due process claim pertaining to child custody as barred by the statute of limitations. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury actions); *Knox*, 260 F.3d at 1012-13 (for § 1983 claims, federal courts apply the forum state's personal injury statute of limitations and apply federal law to determine accrual; a § 1983 claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the action).

The district court properly dismissed Olague's due process claims pertaining to visitation, and her equal protection claim pertaining to child custody, because Olague failed to allege facts sufficient to show that any state actor deprived her of visits or intentionally discriminated against her on the basis of race or ethnicity. *See Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) ("To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (internal quotation marks omitted)).

The district court properly dismissed Olague's § 1983 claims against the County because Olague failed to allege facts sufficient to show that a constitutional violation had occurred. *See Jackson v. City of Bremerton*, 268 F.3d 646, 653-54 (9th Cir. 2001) (no municipality liability under § 1983 where no constitutional violation has occurred).

The district court properly dismissed Olague's § 1986 claim because Olague failed to state a § 1985 claim. *See Karim–Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 626 (9th Cir. 1988) ("A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985."); *see also United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828-29 (1983) (to establish a violation of § 1985(3), a plaintiff must allege a conspiracy motivated by racial or other class-based animus).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**